RUTH CALKINS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 36432.)

Court of Claims, July 24, 1962.

*Sylvan, Ammerman & Weeks* (*Maxwell Philipson* of counsel), for claimant. *Louis J. Lefkowitz, Attorney-General* (*William T. McCue* of counsel), for defendant.

JOHN P. GUALTIERI, J. In the late afternoon of July 5, 1957, the claimant was in the children's play area of Belmont Lake State Park, a recreation center under the jurisdiction and control of the State of New York.

There were two slides for the use of children. One of the children in claimant's party was about to come down the slide. The claimant, apprehensive that the position in which the child was coming down would result in injury, claims that she stepped

forward quickly to catch the child to avoid injury to him. As she did so, she says that she stepped into a depressed area causing her to be precipitated to the ground and sustain injuries.

The evidence indicates that the State employees had placed a securely fastened cocoa mat at the bottom of the slide to make the sliding operation more comfortable for children as they reached the bottom of the slide. It is obvious to the court that in this type of recreational activity when children use the slide, their shoes hit the ground adjacent to the cocoa mat causing the earth to be disturbed resulting in some sort of depression to be made in the ground.

It is contended on the part of the claimant that this depression was about nine inches in depth. A State patrolman who investigated the situation immediately after the occurrence, testified with the aid of notes made at the time to refresh his recollection, that the depression was a negligible one, not more than one to two inches in depth.

It is the finding of the court that the condition which existed at the time of this accident was a normal one; that it is to be expected that the use of this slide by children will cause scuffing and some disturbance of the adjacent ground, all part and parcel of this kind of recreational equipment furnished for the enjoyment of the young patrons of this recreational facility.

There was no negligent situation maintained or created by the State. Any other holding would require the State to keep an attendant at the foot of every slide and replace disturbed earth at all times. Such a conclusion would place a prohibitive obligation upon the State and would be holding it to an unreasonably high and impractical standard of care. (*Peterson* v. *City of New York,* 267 N. Y. 204; *Farrell* v. *Board of Educ.,* 259 App. Div. 906.)

The court adopts the claimant's proposed requests to find marked " Found " and initialled by the court; and refuses the claimant's proposed requests to find marked " Refused " and initialled by the court.

The court adopts the defendant's proposed requests to find marked " Found " and initialled by the court; and refuses the defendant's proposed requests to find marked " Refused " and initialled by the court.

The claimant has failed to make out a cause of action against the State of New York and her claim must be and hereby is dismissed upon the merits.